IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DEAN LAFROMBOISE, <br><br> Defendant. | CR 94-80-BLG-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Dean Lafromboise (Lafromboise) has been accused of violating the conditions of his supervised release. Lafromboise admitted all of the alleged violations. Lafromboise's supervised release should be revoked. Lafromboise should receive a custodial sentence of time served, with 58 months of supervised release to follow. While on supervised release, Lafromboise should be required to successfully complete an inpatient treatment program as directed by his probation officer. Lafromboise should be subject to home confinement until he begins his inpatient treatment program.

## II. Status

Lafromboise pleaded guilty to Possession of an Unregistered Firearm on

November 27, 1995. (Doc. 113). The Court sentenced Lafromboise to 33 months of custody, followed by 3 years of supervised release. (Doc. 126). Lafromboise's current term of supervised release began on January 14, 2022. (Doc. 178 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on June 22, 2023, requesting that the Court revoke Lafromboise's supervised release. (Doc. 178). The Amended Petition alleges that Lafromboise violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for substance abuse treatment; and 3) by using methamphetamine on two separate occasions. (Doc. 178).

**Initial appearance**

Lafromboise appeared before United States Magistrate Judge Timothy J. Cavan for his initial appearance on the Amended Petition on June 27, 2023. Lafromboise was represented by counsel. Lafromboise stated that he had read the Amended Petition and that he understood the allegations. Lafromboise waived his right to a preliminary hearing. The parties have consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 94-82-BLG-BMM-JTJ on July 13, 2023, and on August 8, 2023. Lafromboise admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for substance abuse treatment; and 3) by using methamphetamine on two separate occasions. The violations are serious and warrant revocation of Lafromboise's supervised release.

Lafromboise's violations are Grade C violations. Lafromboise's criminal history category is IV. Lafromboise's underlying offense is a Class C felony. Lafromboise could be incarcerated for up to 24 months. Lafromboise could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Lafromboise's supervised release should be revoked. Lafromboise should receive a custodial sentence of time served, with 58 months of supervised release to follow. This sentence is sufficient but not greater than necessary. While on supervised release, Lafromboise should be required to successfully complete an inpatient treatment program as directed by his probation officer. Lafromboise

should be subject to home confinement until he begins his inpatient treatment program.

## IV. Conclusion

The Court informed Lafromboise that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Lafromboise of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Lafromboise that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Dean Lafromboise violated the conditions of his supervised release: by failing to report for substance abuse testing; by failing to report for substance abuse treatment; and by using methamphetamine on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court should revoke Lafromboise's supervised release and commit Lafromboise to the custody of the United States Bureau of Prisons for a term of time served, with 58 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 94-82-BLG-BMM-JTJ. While on supervised release, Lafromboise should be required to successfully complete an inpatient treatment program as directed by his probation officer. Lafromboise should be subject to home confinement until he begins his inpatient treatment program.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 9th day of August, 2023.

John Johnston
United States Magistrate Judge